**Paul J. Killion**
Chief Disciplinary Counsel

**Paul J. Burgoyne**
Deputy Chief Disciplinary Counsel

**District II Office**
820 Adams Avenue
Suite 170
Trooper, PA 19403

(610) 650-8210
FAX (610) 650-8213



THE **DISCIPLINARY BOARD**
OF THE
**SUPREME COURT OF PENNSYLVANIA**



**OFFICE OF DISCIPLINARY COUNSEL**
www.padisciplinaryboard.org

**Raymond S. Wierciszewski**
Disciplinary Counsel-in-Charge

**Disciplinary Counsel**
Alan J. Davis
Suzy S. Moore
Harold E. Ciampoli, Jr.
Ramona M. Mariani
Amelia C. Kittredge
Dana M. Pirone
Krista K. Beatty
Daniel S. White

November 8, 2017

**PERSONAL AND CONFIDENTIAL**

John Kelvin Conner, Esquire
Conner Law Group LLC
766 Old York Road, Suite 1
Jenkintown, PA 19046

   RE: Complaint of Sarah Fauntleroy
     File No. C2-17-793
     <u>DB-7 **REQUEST FOR STATEMENT OF RESPONDENT'S POSITION**</u>

Dear Mr. Conner:

  Please be advised that this office has received and is currently considering a complaint against you from Sarah Fauntleroy, 1634 N. 30th Street, Philadelphia, PA 19121. It is important for you to understand that issuance of this letter means that the complaint against you has survived this office's initial screening process and that, based upon the information currently available to us, it appears that your alleged conduct may have violated the Pennsylvania Rules of Professional Conduct.

  It is also important for you to understand that it is the obligation of our office to develop all information relevant to a complaint, including that information, which may justify or exonerate the alleged actions of the respondent-attorney or mitigate the seriousness of any violations that may have occurred. Since this complaint has survived our initial screening process you should retain or consult with counsel before submitting a statement of your position.

  The alleged facts presently under consideration are as follows:

1. On July 29, 2016, Sarah Fauntleroy executed a General Durable Power of

  Attorney in your favor, giving you, *inter alia*, authority over her checking account

ODC–6

USA001813

John Kelvin Conner, Esquire
November 8, 2017
Page 2

       at Wells Fargo, account no. ending in 1496 (hereinafter "Ms. Fauntleroy's checking account").

2.    In connection with Ms. Fauntleroy's execution of the General Durable Power of Attorney, you signed an Acknowledgment Executed by Agent, in which you acknowledged that in the absence of a specific provision to the contrary in the power of attorney or in 20 Pa.C.S., when acting as agent you would, *inter alia*, "exercise the powers for the benefit of the principal" (Ms. Fauntleroy).

3.    On August 24, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred thirty-five dollars ($535.00) at Parx Casino in Bensalem, Pennsylvania.

4.    The August 24, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

5.    Ms. Fauntleroy was unaware of the August 24, 2016 transaction at Parx Casino.

6.    On August 25, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred thirty-five dollars ($535.00) at Parx Casino in Bensalem, Pennsylvania.

7.    The August 25, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

8.    Ms. Fauntleroy was unaware of the August 25, 2016 transaction at Parx Casino.

USA001814

John Kelvin Conner, Esquire
November 8, 2017
Page 3

9.    On August 29, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred seventeen dollars and seventy cents ($517.70) at Parx Casino in Bensalem, Pennsylvania.

10.   The August 29, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

11.   Ms. Fauntleroy was unaware of the August 29, 2016 transaction at Parx Casino.

12.   On August 30, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at Sugarhouse Casino in Philadelphia, Pennsylvania.

13.   On August 30, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred seventeen dollars and ninety-five cents ($517.95) at Sugarhouse Casino in Philadelphia, Pennsylvania.

14.   The August 30, 2016 transactions at Sugarhouse Casino were not for the benefit of Ms. Fauntleroy.

15.   Ms. Fauntleroy was unaware of the August 30, 2016 transactions at Sugarhouse Casino.

16.   On September 1, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand forty-two dollars and ninety-five cents ($1,042.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

17.   On September 1, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred thirty-four dollars and ninety-

USA001815

John Kelvin Conner, Esquire
November 8, 2017
Page 4

five cents ($834.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

18. On September 1, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-five cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

19. The September 1, 2016 transactions at the Borgata Hotel Casino & Spa were not for the benefit of Ms. Fauntleroy.

20. Ms. Fauntleroy was unaware of the September 1, 2016 transactions at the Borgata Hotel Casino & Spa.

21. On September 2, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand forty-two dollars and ninety-five cents ($1,042.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

22. On September 2, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred thirty-four dollars and ninety-five cents ($834.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

23. On September 2, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

24. The September 2, 2016 transactions at the Borgata Hotel Casino & Spa were not for the benefit of Ms. Fauntleroy.

USA001816

John Kelvin Conner, Esquire
November 8, 2017
Page 5

25.   Ms. Fauntleroy was unaware of the September 2, 2016 transactions at the Borgata Hotel Casino & Spa.

26.   On September 6, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

27.   On September 6, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

28.   The September 6, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

29.   Ms. Fauntleroy was unaware of the September 6, 2016 transactions at Parx Casino.

30.   On September 8, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

31.   On September 8, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

32.   The September 8, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

USA001817

John Kelvin Conner, Esquire
November 8, 2017
Page 6

33.    Ms. Fauntleroy was unaware of the September 8, 2016 transactions at Parx Casino.

34.    On September 9, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

35.    The September 9, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

36.    Ms. Fauntleroy was unaware of the September 9, 2016 transaction at Parx Casino.

37.    On September 12, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

38.    The September 12, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

39.    Ms. Fauntleroy was unaware of the September 12, 2016 transaction at Parx Casino.

40.    On September 13, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

41.    On September 13, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

USA001818

John Kelvin Conner, Esquire
November 8, 2017
Page 7

42.    The September 13, 2016 transactions at Parx Casino were not for the benefit of
       Ms. Fauntleroy.

43.    Ms. Fauntleroy was unaware of the September 13, 2016 transactions at Parx
       Casino.

44.    On September 14, 2016, you authorized a transaction against Ms. Fauntleroy's
       checking account in the amount of one thousand thirty-two dollars and forty-five
       cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

45.    On September 14, 2016, you authorized a transaction against Ms. Fauntleroy's
       checking account in the amount of eight hundred twenty-six dollars and fifty-five
       cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

46.    The September 14, 2016 transactions at Parx Casino were not for the benefit of
       Ms. Fauntleroy.

47.    Ms. Fauntleroy was unaware of the September 14, 2016 transactions at Parx
       Casino.

48.    On September 16, 2016, you authorized a transaction against Ms. Fauntleroy's
       checking account in the amount of three hundred four dollars and ninety-nine
       cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

49.    The September 16, 2016 transaction at the Borgata Hotel Casino & Spa was not
       for the benefit of Ms. Fauntleroy.

50.    Ms. Fauntleroy was unaware of the September 16, 2016 transaction at the Borgata
       Hotel Casino & Spa.

USA001819

John Kelvin Conner, Esquire
November 8, 2017
Page 8

51.    On September 19, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one hundred sixty-four dollars and ninety-nine cents ($164.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

52.    The September 19, 2016 transaction at the Borgata Hotel Casino & Spa was not for the benefit of Ms. Fauntleroy.

53.    Ms. Fauntleroy was unaware of the September 19, 2016 transaction at the Borgata Hotel Casino & Spa.

54.    On September 22, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred dollars ($300.00) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

55.    On September 22, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand forty-two dollars and ninety-five cents ($1,042.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

56.    On September 22, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred thirty-four dollars and ninety-five cents ($834.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

57.    The September 22, 2016 transactions at the Borgata Hotel Casino & Spa were not for the benefit of Ms. Fauntleroy.

58.    Ms. Fauntleroy was unaware of the September 22, 2016 transactions at the Borgata Hotel Casino & Spa.

USA001820

John Kelvin Conner, Esquire
November 8, 2017
Page 9

59.   On September 23, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

60.   On September 23, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

61.   The September 23, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

62.   Ms. Fauntleroy was unaware of the September 23, 2016 transactions at Parx Casino.

63.   On September 27, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

64.   On September 27, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred eleven dollars and eighty cents ($311.80) at Parx Casino in Bensalem, Pennsylvania.

65.   The September 27, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

66.   Ms. Fauntleroy was unaware of the September 27, 2016 transactions at Parx Casino.

USA001821

John Kelvin Conner, Esquire
November 8, 2017
Page 10

67.  On September 30, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

68.  On September 30, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred seventeen dollars and seventy cents ($517.70) at Parx Casino in Bensalem, Pennsylvania.

69.  The September 30, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

70.  Ms. Fauntleroy was unaware of the September 30, 2016 transactions at Parx Casino.

71.  On October 5, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

72.  On October 5, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred seventeen dollars and seventy cents ($517.70) at Parx Casino in Bensalem, Pennsylvania.

73.  The October 5, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

74.  Ms. Fauntleroy was unaware of the October 5, 2016 transactions at Parx Casino.

USA001822

John Kelvin Conner, Esquire
November 8, 2017
Page 11

75.  On October 7, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

76.  The October 7, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

77.  Ms. Fauntleroy was unaware of the October 7, 2016 transaction at Parx Casino.

78.  On October 11, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

79.  On October 11, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand two hundred thirty-eight dollars and thirty-five cents ($1,238.35) at Parx Casino in Bensalem, Pennsylvania.

80.  The October 11, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

81.  Ms. Fauntleroy was unaware of the October 11, 2016 transactions at Parx Casino.

82.  On October 17, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

83.  The October 17, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

84.  Ms. Fauntleroy was unaware of the October 17, 2016 transaction at Parx Casino.

USA001823

John Kelvin Conner, Esquire
November 8, 2017
Page 12

85.　On October 18, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

86.　On October 18, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty dollars and sixty-five cents ($620.65) at Parx Casino in Bensalem, Pennsylvania.

87.　On October 18, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred eleven dollars and eighty cents ($311.80) at Parx Casino in Bensalem, Pennsylvania.

88.　The October 18, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

89.　Ms. Fauntleroy was unaware of the October 18, 2016 transactions at Parx Casino.

90.　On October 19, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand six hundred fifty dollars and fifteen cents ($1,650.15) at Parx Casino in Bensalem, Pennsylvania.

91.　On October 19, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred eleven dollars and eighty cents ($311.80) at Parx Casino in Bensalem, Pennsylvania.

92.　The October 19, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

93.　Ms. Fauntleroy was unaware of the October 19, 2016 transactions at Parx Casino.

USA001824

John Kelvin Conner, Esquire
November 8, 2017
Page 13

94.   Or October 21, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

95.   On October 21, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand forty-two dollars and ninety-two cents ($1,042.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

96.   On October 21, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred thirty-four dollars and ninety-five cents ($834.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

97.   Or October 21, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand forty-two dollars and ninety-five cents ($1,042.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

98.   On October 21, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred dollars ($300.00) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

99.   On October 21, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred thirty-four dollars and ninety-five cents ($834.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

USA001825

John Kelvin Conner, Esquire
November 8, 2017
Page 14

100.    The October 21, 2016 transactions at the Borgata Hotel Casino & Spa were not for the benefit of Ms. Fauntleroy.

101.    Ms. Fauntleroy was unaware of the October 21, 2016 transactions at the Borgata Hotel Casino & Spa.

102.    On October 24, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand forty-two dollars and ninety-five cents ($1,042.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

103.    On October 24, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred thirty-four dollars and ninety-five cents ($834.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

104.    On October 24, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

105.    On October 24, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand forty-two dollars and ninety-five cents ($1,042.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

106.    On October 24, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred thirty-four dollars and ninety-five cents ($834.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

USA001826

John Kelvin Conner, Esquire
November 8, 2017
Page 15

107.    On October 24, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

108.    The October 24, 2016 transactions at the Borgata Hotel Casino & Spa were not for the benefit of Ms. Fauntleroy.

109.    Ms. Fauntleroy was unaware of the October 24, 2016 transactions at the Borgata Hotel Casino & Spa.

110.    On October 26, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

111.    Or October 26, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

112.    The October 26, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

113.    Ms. Fauntleroy was unaware of the October 26, 2016 transactions at Parx Casino.

114.    On October 27, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty dollars and sixty-five cents ($620.65) at Parx Casino in Bensalem, Pennsylvania.

115.    The October 27, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

USA001827

John Kelvin Conner, Esquire
November 8, 2017
Page 16

116.  Ms. Fauntleroy was unaware of the October 27, 2017 transaction at Parx Casino.

117.  On October 31, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred seventeen dollars and seventy cents ($517.70) at Parx Casino in Bensalem, Pennsylvania.

118.  On October 31, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred eleven dollars and eighty cents ($311.80) at Parx Casino in Bensalem, Pennsylvania.

119.  The October 31, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

120.  Ms. Fauntleroy was unaware of the October 31, 2016 transactions at Parx Casino.

121.  On November 4, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

122.  On November 4, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand forty-two dollars and ninety-five cents ($1,042.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

123.  On November 4, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred thirty-four dollars and ninety-five cents ($834.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

USA001828

John Kelvin Conner, Esquire
November 8, 2017
Page 17

124.   The November 4, 2016 transactions at the Borgata Hotel Casino & Spa were not for the benefit of Ms. Fauntleroy.

125.   Ms. Fauntleroy was unaware of the November 4, 2016 transactions at the Borgata Hotel Casino & Spa.

126.   On November 14, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

127.   On November 14, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

128.   The November 14, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

129.   Ms. Fauntleroy was unaware of the November 14, 2016 transactions at Parx Casino.

130.   On November 22, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty dollars and sixty-five cents ($620.65) at Parx Casino in Bensalem, Pennsylvania.

131.   The November 22, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

132.   Ms. Fauntleroy was unaware of the November 22, 2016 transaction at Parx Casino.

USA001829

John Kelvin Conner, Esquire
November 8, 2017
Page 18

133. On November 25, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred eleven dollars and eighty cents ($311.80) at Parx Casino in Bensalem, Pennsylvania.

134. The November 25, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

135. Ms. Fauntleroy was unaware of the November 25, 2016 transaction at Parx Casino.

136. On November 28, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

137. The November 28, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

138. Ms. Fauntleroy was unaware of the November 28, 2016 transaction at Parx Casino.

139. On December 1, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty dollars and sixty-five cents ($620.65) at Parx Casino in Bensalem, Pennsylvania.

140. On December 1, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty dollars and sixty-five cents ($620.65) at Parx Casino in Bensalem, Pennsylvania.

USA001830

John Kelvin Conner, Esquire
November 8, 2017
Page 19

141.   The December 1, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

142.   Ms. Fauntleroy was unaware of the December 1, 2016 transactions at Parx Casino.

143.   On December 6, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

144.   The December 6, 2016 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

145.   Ms. Fauntleroy was unaware of the December 6, 2016 transaction at Parx Casino.

146.   On December 12, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of seven hundred twenty-three dollars and sixty cents ($723.60) at Parx Casino in Bensalem, Pennsylvania.

147.   On December 12, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

148.   The December 12, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

149.   Ms. Fauntleroy was unaware of the December 12, 2016 transactions at Parx Casino.

USA001831

John Kelvin Conner, Esquire
November 8, 2017
Page 20

150. On December 29, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred seventeen dollars and seventy cents ($517.70) at Parx Casino in Bensalem, Pennsylvania.

151. On December 29, 2016, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

152. The December 29, 2016 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

153. Ms. Fauntleroy was unaware of the December 29, 2016 transactions at Parx Casino.

154. On January 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

155. On January 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand forty-two dollars and ninety-five cents ($1,042.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

156. On January 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred thirty-four dollars and ninety-five cents ($834.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

USA001832

John Kelvin Conner, Esquire
November 8, 2017
Page 21

157.   On January 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand two hundred fifty dollars and ninety-five cents ($1,250.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

158.   On January 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty-six dollars and ninety-five cents ($626.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

159.   On January 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

160.   On January 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

161.   On January 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty-six dollars and ninety-five cents ($626.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

162.   On January 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand two hundred fifty dollars and ninety-five cents ($1,250.95) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

USA001833

John Kelvin Conner, Esquire
November 8, 2017
Page 22

163. The January 3, 2017 transactions at the Borgata Hotel Casino & Spa were not for the benefit of Ms. Fauntleroy.

164. Ms. Fauntleroy was unaware of the January 3, 2017 transactions at the Borgata Hotel Casino & Spa.

165. On January 4, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

166. On January 4, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty dollars and sixty-five cents ($620.65) at Parx Casino in Bensalem, Pennsylvania.

167. The January 4, 2017 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

168. Ms. Fauntleroy was unaware of the January 4, 2017 transactions at Parx Casino.

169. On January 6, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

170. The January 6, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

171. Ms. Fauntleroy was unaware of the January 6, 2017 transaction at Parx Casino.

USA001834

John Kelvin Conner, Esquire
November 8, 2017
Page 23

172.  On January 11, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

173.  The January 11, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

174.  Ms. Fauntleroy was unaware of the January 11, 2017 transaction at Parx Casino.

175.  On January 13, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

176.  The January 13, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

177.  Ms. Fauntleroy was unaware of the January 13, 2017 transaction at Parx Casino.

178.  On January 17, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one thousand thirty-two dollars and forty-five cents ($1,032.45) at Parx Casino in Bensalem, Pennsylvania.

179.  On January 17, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

180.  The January 17, 2017 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

181.  Ms. Fauntleroy was unaware of the January 17, 2017 transactions at Parx Casino.

USA001835

John Kelvin Conner, Esquire
November 8, 2017
Page 24

182.   On January 20, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty dollars and sixty-five cents ($620.65) at Parx Casino in Bensalem, Pennsylvania.

183.   The January 20, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

184.   Ms. Fauntleroy was unaware of the January 20, 2017 transaction at Parx Casino.

185.   On January 24, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

186.   The January 24, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

187.   Ms. Fauntleroy was unaware of the January 24, 2017 transaction at Parx Casino.

188.   On January 26, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one hundred forty dollars ($140.00) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

189.   The January 26, 2017 transaction at the Borgata Hotel Casino & Spa was not for the benefit of Ms. Fauntleroy.

190.   Ms. Fauntleroy was unaware of the January 26, 2017 transaction at the Borgata Hotel Casino & Spa.

USA001836

John Kelvin Conner, Esquire
November 8, 2017
Page 25

191.   On February 2, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of eight hundred twenty-six dollars and fifty-five cents ($826.55) at Parx Casino in Bensalem, Pennsylvania.

192.   The February 2, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

193.   Ms. Fauntleroy was unaware of the February 2, 2017 transaction at Parx Casino.

194.   On February 10, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred seventeen dollars and seventy cents ($517.70) at Parx Casino in Bensalem, Pennsylvania.

195.   On February 10, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred eleven dollars and eighty cents ($311.80) at Parx Casino in Bensalem, Pennsylvania.

196.   On February 10, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of four hundred fourteen dollars and seventy-five cents ($414.75) at Parx Casino in Bensalem, Pennsylvania.

197.   The February 10, 2017 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

198.   Ms. Fauntleroy was unaware of the February 10, 2017 transactions at Parx Casino.

USA001837

John Kelvin Conner, Esquire
November 8, 2017
Page 26

199.  On February 21, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred seventeen dollars and seventy cents ($517.70) at Parx Casino in Bensalem, Pennsylvania.

200.  The February 21, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

201.  Ms. Fauntleroy was unaware of the February 21, 2017 transaction at Parx Casino.

202.  On February 27, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred twenty-two dollars and ninety-five cents ($522.95) at the Tropicana Casino & Resort in Atlantic City, New Jersey.

203.  The February 27, 2017 transaction at the Tropicana Casino & Resort was not for the benefit of Ms. Fauntleroy.

204.  Ms. Fauntleroy was unaware of the February 27, 2017 transaction at the Tropicana Casino & Resort.

205.  On February 27, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred four dollars and ninety-nine cents ($304.99) at the Borgata Hotel Casino & Spa in Atlantic City, New Jersey.

206.  The February 27, 2017 transaction at the Borgata Hotel Casino & Spa was not for the benefit of Ms. Fauntleroy.

207.  Ms. Fauntleroy was unaware of the February 27, 2017 transaction at the Borgata Hotel Casino & Spa.

USA001838

John Kelvin Conner, Esquire
November 8, 2017
Page 27

208.   On March 1, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of nine hundred twenty-nine dollars and fifty cents ($929.50) at Parx Casino in Bensalem, Pennsylvania.

209.   On March 1, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty dollars and sixty-five cents ($620.65) at Parx Casino in Bensalem, Pennsylvania.

210.   The March 1, 2017 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

211.   Ms. Fauntleroy was unaware of the March 1, 2017 transactions at Parx Casino.

212.   On March 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred eleven dollars and eighty cents ($311.80) at Parx Casino in Bensalem, Pennsylvania.

213.   The March 3, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

214.   Ms. Fauntleroy was unaware of the March 3, 2017 transaction at Parx Casino.

215.   On March 13, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of five hundred seventeen dollars and seventy cents ($517.70) at Parx Casino in Bensalem, Pennsylvania.

216.   The March 13, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

217.   Ms. Fauntleroy was unaware of the March 13, 2017 transaction at Parx Casino.

USA001839

John Kelvin Conner, Esquire
November 8, 2017
Page 28

218.  On April 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of six hundred twenty dollars and sixty-five cents ($620.65) at Parx Casino in Bensalem, Pennsylvania.

219.  On April 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred eleven dollars and eighty cents ($311.80) at Parx Casino in Bensalem, Pennsylvania.

220.  On April 3, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of one hundred fifty-seven dollars and thirty-eight cents ($157.38) at Parx Casino in Bensalem, Pennsylvania.

221.  The April 3, 2017 transactions at Parx Casino were not for the benefit of Ms. Fauntleroy.

222.  Ms. Fauntleroy was unaware of the April 3, 2017 transactions at Parx Casino.

223.  On April 14, 2017, you authorized a transaction against Ms. Fauntleroy's checking account in the amount of three hundred eleven dollars and eighty cents ($311.80) at Parx Casino in Bensalem, Pennsylvania.

224.  The April 14, 2017 transaction at Parx Casino was not for the benefit of Ms. Fauntleroy.

225.  Ms. Fauntleroy was unaware of the April 14, 2017 transaction at Parx Casino.

226.  On April 27, 2017, Ms. Fauntleroy revoked the General Durable Power of Attorney that she had executed in your favor on July 29, 2016.

227.  By letter to Ms. Fauntleroy dated May 1, 2017, you enclosed:

USA001840

John Kelvin Conner, Esquire
November 8, 2017
Page 29

    a.   an accounting of Ms. Fauntleroy's funds (hereinafter the "Accounting"); and

    b.   a certified check in the amount of sixty-seven thousand seven hundred eight dollars and fifteen cents ($67,708.15).

228.    You represented in the Accounting that you had paid yourself a salary in the amount of nine thousand five hundred dollars ($9,500.00).

229.    You represented in the Accounting that you had given Ms. Fauntleroy two thousand five hundred dollars ($2,500.00) in cash.

230.    You did not give Ms. Fauntleroy two thousand five hundred dollars ($2,500.00) in cash.

231.    Your representation in the Accounting that you had given Ms. Fauntleroy two thousand five hundred dollars ($2,500.00) in cash was false.

232.    You represented in the Accounting that you had paid one thousand four hundred sixty-eight dollars and ninety cents ($1,468.90) to Dollar Wise Oil on Ms. Fauntleroy's behalf.

233.    You did not pay one thousand four hundred sixty-eight dollars and ninety cents ($1,468.90) to Dollar Wise Oil on Ms. Fauntleroy's behalf.

234.    Your representation in the Accounting that you had paid one thousand four hundred sixty-eight dollars and ninety cents ($1,468.90) to Dollar Wise Oil on Ms. Fauntleroy's behalf was false.

235.    You represented in the Accounting that you had paid one thousand thirty-two dollars and twenty-five cents ($1,032.25) to Petro Oil on Ms. Fauntleroy's behalf.

USA001841

John Kelvin Conner, Esquire
November 8, 2017
Page 30

236.   You did not pay one thousand thirty-two dollars and twenty-five cents ($1,032.25) to Petro Oil on Ms. Fauntleroy's behalf.

237.   Your representation in the Accounting that you had paid one thousand thirty-two dollars and twenty-five cents ($1,032.25) to Petro Oil on Ms. Fauntleroy's behalf was false.

238.   Between July 29, 2016, and April 27, 2017, you failed to regularly pay Ms. Fauntleroy's PECO bill.  As of April 21, 2017, Ms. Fauntleroy's account with PECO had an unpaid balance of five hundred sixty-nine dollars and twenty-four cents ($569.24).

239.   Between July 29, 2016, and April 27, 2017, you failed to regularly pay Ms. Fauntleroy's Philadelphia Gas Works bill.  As of April 24, 2017, Ms. Fauntleroy's account with Philadelphia Gas Works had an unpaid balance of four hundred twenty-seven dollars and sixty-one cents ($427.61).

240.   Between July 29, 2016, and April 27, 2017, you failed to regularly pay Ms. Fauntleroy's Water/Sewer & Stormwater bill.  As of April 20, 2017, Ms. Fauntleroy's account with the Water Revenue Bureau had an unpaid balance of three hundred seventy-five dollars and one cent ($375.01).

241.   Between July 29, 2016, and April 27, 2017, you failed to pay Ms. Fauntleroy's bill with Major Oil, Inc.  As of March 24, 2017, Ms. Fauntleroy's account with Major Oil, Inc., had an unpaid balance of nine hundred fifty dollars and eighty-three cents ($950.83).

USA001842

John Kelvin Conner, Esquire
November 8, 2017
Page 31

If the above allegations are true, we are concerned that you may have violated the following Rules of Professional Conduct: RPC 8.4(b) and RPC 8.4(c).

**The Office of Disciplinary Counsel will make no recommendation for the disposition of this complaint until you have been afforded an opportunity to state your position with respect thereto within thirty (30) days of the date of this letter. Please note that failure to respond to this request for your statement of position without good cause is an independent ground for discipline pursuant to Rule 203(b)(7) of the Pennsylvania Rules of Disciplinary Enforcement. The Office of Disciplinary Counsel will only agree to a limited extension of the thirty-day deadline when the request is made for specific reasons constituting good cause. If you do not respond or provide good cause for failing to respond within thirty (30) days, the Office of Disciplinary Counsel may seek to impose discipline for your violation of Pa.R.D.E. 203(b)(7).**

Please be assured that we are not prejudging the alleged facts and charges nor are we an advocate on behalf of the complainant. Rather we are conducting an impartial and unbiased investigation with regard to this complaint. In that regard, we will attempt to verify the statements in your answer just as we do with the statements made to us by the complainant. For this reason, and because a lawyer can be subject to discipline for making a materially false statement or deliberately failing to disclose a material fact in connection with a disciplinary matter, you should be careful to be accurate in your factual statements. Additionally as previously stated, you may wish to consult with counsel before replying to the allegations.

In any reply that you make, please chronologically and specifically state your account of the events and include copies of any particularly pertinent documents to which you refer. Generally, it is most helpful if your response deals item-by-item with the allegations contained in the numbered paragraphs in this letter, as well as with the cited Rules.

Please be advised that §85.13 of the Disciplinary Board Rules requires that any response to this letter:

> ... that contains an averment of fact not appearing of record or a denial of fact shall include or be accompanied by a verified statement signed by the respondent-attorney that the averment or denial is true based upon knowledge or information and belief. The respondent-attorney need not aver the source of the information or expectation of ability to prove the averment or denial. The verified statement may be based upon personal knowledge as to a part and upon information and belief as to the remainder.

If we do not hear from you within thirty (30) days, we will assume that you do not desire to submit your position with respect to this complaint and can proceed to make our

USA001843

John Kelvin Conner, Esquire
November 8, 2017
Page 32

recommendation for an appropriate disposition on the basis of the information and material contained in our file, including your failure to respond in violation of Rule 203(b)(7), Pa.R.D.E.. However, we would certainly prefer to have the benefit of your position before making our recommendation.

Keep in mind that we may provide the complainant with a copy of your statement of position or a summary of it for the express purpose of obtaining a replication, unless you request that the content of your answer, either in total or in part, not be revealed and state reasons therefor which represent good cause. If we do provide the complainant with a copy or summary of your position, we will remind the complainant of the confidentiality of our inquiry.

If you have any questions, you or your counsel should not hesitate to contact this office. Thank you for your anticipated cooperation and assistance in this important matter. We look forward to receiving your response.

Very truly yours,

OFFICE OF DISCIPLINARY COUNSEL

Daniel S. White
Disciplinary Counsel

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Certified Article Number

9414 7266 9904 2095 9141 37

SENDERS RECORD