**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| **v.** | : **CRIMINAL NO. 18-542** |
| **JOHN KELVIN CONNER** | : |

## ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.      As a result of defendant John Kelvin Conner's guilty verdict as to Counts One through Nineteen of the Indictment charging him with wire fraud, in violation of 18 U.S.C. § 13431, the defendant is required to forfeit criminally his interest in any property constituting, or derived from, proceeds traceable to the commission of such offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      All property that constitutes or is derived from proceeds traceable to the commission of such offenses is forfeited to the United States.

3.      Based on the information set forth in the Presentence Investigation Report, the government's Motion for Order of Forfeiture, and the record as a whole, the Court finds by a preponderance of the evidence that the sum of $14,923.86 represents the value of property that constitutes and is derived from proceeds that the defendant directly or indirectly obtained and which are traceable to the defendant's commission of the offenses charged in Counts One through Nineteen of the Indictment.

4.      The defendant shall forfeit to the United States the $14,923.86 in proceeds that he obtained as a result of his commission of the offenses charged in Counts One through Nineteen of the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C), made applicable through 28

U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2).  A money judgment in the amount of $14,923.86 is hereby entered against the defendant.

5.      Due to the defendant's acts or omissions, the proceeds that the defendant obtained are not currently available because the defendant has dissipated; transferred, sold, or deposited with a third party; commingled; or otherwise spent the proceeds that he obtained and, therefore, pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. Moreover, the government may move at any time, pursuant to Federal Rule of Criminal Procedure 32.2(e), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as either directly forfeitable or substitute assets.

6.      Upon entry of this Order, the Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims.

7.      Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

8.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this forfeiture Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

9.     The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

ORDERED this 23 day of _____, 2019.

_____
**HONORABLE GERALD A. MCHUGH**
**United States District Judge**